IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| NATIVE ECOSYSTEMS COUNCIL, a non-profit organization, ALLIANCE FOR THE WILD ROCKIES, a non-profit organization<br><br>Plaintiffs,<br><br>vs.<br><br>FAYE KRUEGER, in her capacity as Regional Forester for the United States Forest Service, Region One, UNITED STATES FOREST SERVICE, an agency of the U.S. Department of Agriculture, and UNITED STATES FISH & WILDLIFE SERVICE, an agency of the U.S. Department of Interior,<br><br>Defendants. | CV 13–167–M–DLC<br><br><br><br>ORDER |

Following this Court's Order granting summary judgment in Defendants' favor, Plaintiffs, on July 1, 2014, filed a motion for a stay pending appeal, or motion for preliminary injunction, preventing implementation of the Millie Roadside Hazard Tree Removal Project. Ground-disturbing activities for the Project are expected to commence on July 20, 2014.

The Project authorizes removal of dead or dying burned "hazard trees" that

stand within 150 feet of certain existing roads in the Gallatin National Forest. The

Project area is popular for recreation and is home to "existing high human

development and activity." FS-A-1:1-2. The Project is designed to address the

"immediate hazard" posed by the hazard trees, which are predicted to fall or roll

on to the roads, thereby disrupting road use and potentially endangering users. *Id.*

at 1-2. All told, the Project is estimated to affect approximately 300 acres of land

alongside the roads. Plaintiffs challenge the Project under the National

Environmental Policy Act (NEPA), the Endangered Species Act (ESA), and the

Administrative Procedure Act. For the reasons explained, Plaintiffs' motion is

denied.

     "A preliminary injunction is an extraordinary remedy never awarded as of

right." *Winter*, 555 U.S. at 24. A petitioner seeking an injunction, whether it is an

injunction pending an appeal or otherwise, must show that (1) it is likely to suffer

irreparable harm absent a preliminary injunction, (2) that it is likely to succeed on

the merits, (3) that the balance of equities tips in its favor, and (4) that an

injunction is in the public interest. *Winter v. Natural Resource Defense Council*,

555 U.S. 7, 20 (2008). Petitioners seeking an injunction must show more than a

possibility of irreparable harm. *Id.* at 22. Petitioners must demonstrate that

"irreparable injury is *likely* in the absence of an injunction." *Id.* (emphasis in

original). Once the petitioner shows that irreparable harm is likely, the other

factors are assessed on a sliding scale. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134 (9th Cir. 2011). For instance, if, after demonstrating likely irreparable harm, a petitioner also makes a strong showing on the public interest and equities prongs, then an injunction may issue so long as the petitioner raises "serious questions going to the merits." *Id.* A petitioner in such cases is thus relieved of the requirement that it demonstrate that it is likely to succeed on the merits, and may succeed on the lesser "serious questions" standard. *Id.* When the Federal government is a party, the balance of equities and public interest factors may be merged. *Drakes Bay Oyster Co. v. Jewell*, 747 F.3d 1073, 1092 (9th Cir. 2014).

In seeking an injunction, Plaintiffs here do not contend that the Project will irreparably harm any endangered or threatened species. Plaintiffs contend instead that their "interests in attempted viewing, studying, and enjoying grizzly bears and elk undisturbed in their natural surroundings" will be irreparably harmed by the Project's activities. (Doc. 39 at 8.) Plaintiffs offer no evidence that the Project is likely to disturb grizzly bears. Plaintiffs offer no evidence that the Project will harm lynx. Also, notably, Plaintiffs did not raise any objection to the Project related to elk at any previous stage of these proceedings and there has been no showing in this case that elk, or Plaintiffs' asserted interest in viewing elk, will be impacted by Project activities. Plaintiffs premise their asserted injury on its

"members' use and enjoyment of the Project area in its undisturbed state." *Id.*

Plaintiffs ignore, however, the fact that all Project activities will occur either on

existing roads or within 150 feet of existing roads – areas not generally associated

with undisturbed nature. Plaintiffs further ignore the fact that the Project is

designed to ensure continued and safe access to the Gallatin National Forest in

order for people, like Plaintiffs, to recreate in the Gallatin National Forest. At

best, Plaintiffs raise the faintest possibility that they will suffer irreparable harm

absent an injunction. This is insufficient to warrant an injunction. *Winter*, 555

U.S. at 20. Plaintiffs fail to demonstrate a likelihood of irreparable injury absent an

injunction. The Court need not inquire further, but will nonetheless provide an

analysis of Plaintiffs' showing on the merits.

With respect to Plaintiffs' showing on the merits, Plaintiffs contend the

Project violates the ESA by increasing road density beyond that allowed in the

2006 Gallatin Travel Plan's incidental take statement. This contention was

squarely rejected by the Court's previous Order and Plaintiffs raise no new issues,

nor point to any conflicting law on the subject.

Plaintiffs continue to misstate the administrative record regarding the

Project, asserting that the Project will "open eight miles of roads that are currently

closed." (Doc. 39 at 9.) Not so. All Project activities will occur on currently

existing, motorized roads. Some of these roads are currently open to public

motorized use and others are open only for administrative motorized use. During

Project implementation, the roads will be closed to public motorized use. They

will be open only for the administrative purpose of removing the hazard trees.

Thus, the Project will not increase road density and will not violate the incidental

take statement.

The Project also will not affect secure habitat for grizzly bears. All Project

activities will occur within 150 feet of existing motorized roads. Secure grizzly

bear habitat exists, by definition, only in areas that are at least 500 yards from any

existing roads.

With respect to lynx, Plaintiffs simply summarize the Court's June 4, 2014

Order and provide no comment or analysis as to why they are likely to succeed on

the merits regarding lynx. Plaintiffs offer nothing to demonstrate that there are

serious questions regarding the merits of the Court's Order.

Plaintiffs fail to demonstrate a likelihood of success on the merits. Plaintiffs

also fail to meet the lesser burden of demonstrating that there are serious questions

going to the merits.

Plaintiffs contend that the balance of harms and public interest tip heavily in

their favor because they have alleged an ESA claim, citing *Washington Toxics*

*Coalition v. Environmental Protection Agency*, 413 F.3d 1024 (9th Cir. 2005). As

explained above, however, Plaintiffs fail to raise serious questions going to the

merits of their ESA claims, and fail to demonstrate that irreparable harm is likely

absent an injunction. *Winter* requires petitioners "to make a showing on all four

prongs" of the injunction test. *Cottrell*, 632 F.3d at 1135. Thus, the Court need

not discuss the balance of harms and public interest with respect to Plaintiffs' ESA

claims.

Moreover, Plaintiffs fail to address the balance of harms or the public

interest with respect to their NEPA or APA claims. Plaintiffs appear to argue that

the scales tip in their favor simply because they have alleged an ESA claim.

Plaintiffs fail to raise serious questions as to the merits with respect to their NEPA

and APA claims and fail to demonstrate likely irreparable harm absent an

injunction. Thus, the Court need not balance the equities or weigh the public

interest. *Id.* For the sake of completeness, however, the Court notes that it

perceives little, if any, damage to Plaintiffs' asserted interest in viewing grizzly

bears or lynx in undisturbed nature by allowing this small roadside hazard tree

removal project to go forward. Meanwhile, the interests of public safety are

served, and certain economic benefits are gained, by allowing the Project to go

forward.

For all the above reasons, and because there is a limited and diminishing

window in which to reap any economic benefit from this Project, the Court also

denies Plaintiffs' alternative request for a 21-day injunction.

Accordingly, IT IS ORDERED that the motion (Doc. 38) is DENIED.

DATED this 21st day of July, 2014.


Dana L. Christensen, Chief District Judge
United States District Court