

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| NATIVE ECOSYSTEMS COUNCIL, a nonprofit organization, ALLIANCE FOR THE WILD ROCKIES, a nonprofit organization,<br><br>Plaintiffs,<br><br>vs.<br><br>FAYE KRUEGER, in her official capacity as Regional Forester for the United States Forest Service, Region One; UNITED STATES FOREST SERVICE, an agency of the U.S. Department of Agriculture; U.S. FISH & WILDLIFE SERVICE, an agency of the U.S. Department of Interior,<br><br>Defendants. | CV –13–167–M–DLC<br><br>ORDER |

Before the Court is Plaintiffs' motion to vacate this Court's order of June 4, 2014. For the reasons given below, the Court denies the motion.

## BACKGROUND

On August 13, 2013, Plaintiffs initiated this matter, filing a complaint challenging the Millie Roadside Hazard Tree Removal Project ("Millie Project") on the Gallatin National Forest. In June of 2014, this Court considered the parties' cross-motions for summary judgment, granting Defendants' motion and denying

-1-

Plaintiffs'. Plaintiffs appealed to the Ninth Circuit and sought an injunction pending appeal. Both this Court and the Ninth Circuit denied injunctive relief. Because the Millie Project was completed while the appeal was pending, the Ninth Circuit denied the Plaintiffs' petition as moot. *See Native Ecosystems Council v. Krueger*, 649 F. App'x 614 (9th Cir. 2016).

## LEGAL STANDARD

Rule 60 of the Federal Rules of Civil Procedure grants discretionary authority to district courts to vacate an earlier order when relief is justified. "The Rule does not particularize the factors that justify relief, but . . . it provides courts with authority adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice . . . ." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 864 (1988) (citation and internal quotation marks omitted).

## DISCUSSION

Plaintiffs argue that precedent requires this Court to vacate its judgment because their appeal was mooted by forces outside of their control. Defendants disagree, raising two arguments: (1) that Plaintiffs forfeited their claim to vacatur by abandoning their arguments on appeal; and (2) that they cannot demonstrate that hardship will arise in the absence of vacatur.

The Supreme Court has described vacatur as an "extraordinary remedy"

available only to a petitioner that meets its burden of demonstrating that the equities tip in its favor. *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 26 (1994). Nonetheless, the "established practice" in the Ninth Circuit is to vacate an earlier decision when a case is mooted on appeal because vacatur "eliminates a judgment the loser was stopped from opposing on direct review." *NASD Dispute Resolution, Inc. v. Judicial Council of Cal.*, 488 F.3d 1065, 1068 (9th Cir. 2007) (citations and internal quotation marks omitted).

"[T]he touchstone of vacatur is equity." *Dilley v. Gunn*, 64 F.3d 1365, 1370 (9th Cir. 1995). The balance of equities tips in favor of the party seeking vacatur when mootness occurs through "happenstance" or "results from unilateral action of the party who prevailed below." *Id.* (citations and internal quotation marks omitted). On the other hand, the earlier order should stand where "the losing party has voluntarily forfeited his legal remedy by the ordinary processes of appeal or certiorari, thereby surrendering his claim to the equitable remedy of vacatur. The judgment is not unreviewable, but simply unreviewed by his own choice." *U.S. Bancorp*, 513 U.S. at 25.

Here, the parties agree that the Millie Project was completed before Plaintiffs' appeal was heard and that the Ninth Circuit determined that the case was mooted by the project's completion. They diverge on another point—whether

Plaintiffs waived their right to seek vacatur by raising issues on appeal different from those decided by this Court. Defendants argue—and Plaintiffs do not dispute—that Plaintiffs did not appeal this Court's determination of the merits of their claims brought under NEPA and that Plaintiffs' ESA claims were grounded in a different theory on appeal.

By raising entirely new issues on appeal, Plaintiffs "voluntarily forfeited [their] legal remedy by the ordinary processes of appeal . . . ." *U.S. Bancorp*, 513 U.S. at 25. Under Ninth Circuit precedent, where the party seeking vacatur bears some responsibility for mootness, the decision whether to vacate lies firmly within this Court's discretion. *Am. Games, Inc. v. Trade Prods., Inc.*, 142 F.3d 1164, 1169–70 (9th Cir. 1998). The appropriate test is "whether to vacate the injunction in light of 'the consequences and attendant hardships of dismissal or refusal to dismiss' and the 'competing values of finality of judgment and right to relitigation of unreviewed disputes.'" *Dilley*, 64 F.3d at 1371 (quoting *Ringsby Truck Lines, Inc. v. W. Conference of Teamsters*, 686 F.2d 720, 722 (9th Cir. 1982)).

Plaintiffs have not demonstrated that vacatur is necessary to avoid hardship. They argue that this Court's 2014 order should not stand because it does not consider *Cottonwood Environmental Law Center v. USFS*, which the Ninth Circuit decided in 2015. 780 F.3d 1075 (9th Cir. 2015). Additionally, they claim that

-4-

hardship exists because the government has cited to the June 4, 2012 order to support its arguments in another case. *See Alliance for the Wild Rockies v. Marten*, CV–16–35–M–DWM, Fed. Defs.' Opp. To Pls.' Mot. for a Prelim. Inj. 16 (July 6, 2016) (stating that "this Court has upheld the Forest Service's determination that hazard tree removal within 150 feet of a road qualified as 'maint[aining] roads, trails, and landline boundaries.'").

Plaintiffs have not demonstrated the existence or likelihood of hardship. Their claim is essentially that they are injured by this Court's order because it was decided in favor of the government. However, the order has little to no continued effect on Plaintiffs. The project is entirely completed, and the order does not, for example, require Plaintiffs' continued compliance with an injunction or their payment of attorneys fees. *See, e.g., Dilley*, 64 F.3d at 1371–72; *Chafin v. Chafin*, 133 S. Ct. 1017, 1026 (2013). In fact, it is not even controlling precedent. *See Camreta v. Greene*, 563 U.S. 692, 709 n. 7 (2011) (citing 18 J. Moore et al., *Moore's Federal Practice* § 134.02(1)(d) 134–36 (3d ed. 2011)) ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case."). If there were, as Plaintiffs hint, some inconsistency with the Ninth Circuit's opinion in *Cottonwood*, then *Cottonwood* would apply. Further,

Plaintiffs, by changing their arguments on appeal, forfeited their right to contest the merits of the order.

Additionally, Plaintiffs "right to relitigation of unreviewed disputes" does not outweigh "the competing value[ ] of finality of judgment . . . ." *Ringsby Truck Lines*, 686 F.2d at 722. The Millie Project has been completed, and Plaintiffs' claims cannot be relitigated. Nothing in this Court's 2014 order may operate to bar further litigation stemming from new projects, and nothing in the order will be determinative of other controversies. Plaintiffs have not met their burden of showing that the equities weigh in favor of vacatur.

IT IS ORDERED that Plaintiffs' Motion to Vacate (Doc. 45) is DENIED.

Dated this 9th day of December, 2016.

Dana L. Christensen, Chief Judge
United States District Court